KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

MARK W. LERNER
212-506-1728
DIRECT FAX 212-835-5028
MLERNER@KASOWITZ.COM

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO

**MEMO ENDORSED**
**P. 3**

RECEIVED MAY 26 2011
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/11

May 26, 2011

By Hand

The Honorable Richard M. Berman
United States District Court Judge
500 Pearl Street
New York, New York 10007

Re: *Cahoon, et al. v. Bayerische Hypo- und Vereinsbank AG, et al.*, Case No. 11-CV-1891

Dear Judge Berman:

We represent defendants (collectively "HVB") in the above-referenced case. We submit this letter pursuant to Your Honor's individual practices requiring a letter setting forth the basis of our anticipated motion to dismiss the Complaint. An initial conference is scheduled for May 31, 2011.

First, the statutes of limitations have expired on the asserted claims. The transactions in the case – the infamous KPMG-promoted tax shelter known as BLIPS – were completed in December 1999 (in the case of Sanchez) and August 2000 (in the case of Cahoon), and the causes of action accrued no later than those dates. New York's "borrowing statute" provides that when a non-resident sues in New York on a cause of action accruing outside of New York, the cause of action must be timely under the limitation period of both New York and the state where the cause of action accrued. N.Y. C.P.L.R. § 202. Here, plaintiffs are residents of Florida and Texas and their causes of action accrued in those states. The court must apply the shortest limitations period for each

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

claim, but the claims are barred under even the longest of the possible limitations periods, including New York's six-year fraud statute of limitations or the other states' four-year post-discovery rules.

Although plaintiffs intend to argue that the limitations periods were tolled by the pendency of one or more class actions under the case *American Pipe and Constr. Co. v. Utah*, 414 U.S. 538 (1974), that doctrine does not save these claims because *American Pipe* tolling does not apply, *inter alia*, to class actions filed in other jurisdictions or to successively filed class actions. Here, plaintiffs will rely upon the class action *Becnel v. KPMG LLP, et al.*, 05-cv-06015-RTD, and the subsequent class action *Kottler v. Deutsche Bank and HVB, et al.*, 05-cv-7773, filed after a definitive determination in *Becnel* denying class certification on the merits. Once class certification was denied in *Becnel*, plaintiffs could and should have asserted their individual claims. *See Salazar-Calderon v. PVFA*, 765 F. 2d 1334, 1351 (5th Cir. 1985). Furthermore, even if *American Pipe* tolling applied, the breach of fiduciary, conspiracy, and breach of contract claims of the Cahoon Plaintiffs are *still* time-barred under applicable law, and **all** of the Sanchez Plaintiffs' claims are *still* time-barred under applicable law.

Second, the fraud and fraud-based claims (which include conspiracy, aiding and abetting fraud, and fraudulent concealment) should be dismissed for failure to comply with Rule 9(b), Fed. R. Civ. P. Plaintiffs fail to allege the "who, what, why, when and where" as to each defendant. Indeed, plaintiffs have not specifically alleged *who* at Presidio and HVB Plaintiffs dealt with; *when* those communications occurred; *when* they entered into the BLIPS transactions; and *what* was represented to them by *whom.* All of these facts are clearly within plaintiffs' knowledge. This failure is not inadvertent given the statutes of limitations and substantive issues that plaintiffs aim to obscure with vague pleadings.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

    We respectfully reserve the right to include additional bases for our motion should develop them.

Sincerely,

*Mark W. Lerner*

Mark W. Lerner

cc:    Brian G. Isaacson, Esq.,
        Edmundo O. Ramirez, Esq.

> We can discuss Defendants' proposed Motion at the Conference on 5/31/11.
>
> SO ORDERED:
> Date: 5/27/11
> *Richard M. Berman*
> Richard M. Berman, U.S.D.J.

3