# KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

MARK P. RESSLER
212-506-1752
MRESSLER@KASOWITZ.COM

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/27/11

MEMO ENDORSED   pg.2

July 25, 2011

By Hand

The Honorable Richard M. Berman
United States District Court Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Cahoon, et al. v. Bayerische Hypo- und Vereinsbank AG, et al.*, Case No. 11-CV-1891

Dear Judge Berman:

    We represent defendants (collectively "HVB") in the above-referenced case. We submit this letter pursuant to Your Honor's individual practices requiring a letter to set forth the basis of our anticipated Motion to Strike the Declaration of Arthur L. Cahoon submitted in support of plaintiffs' Opposition to HVB's Motion to Dismiss Plaintiffs' Complaint (the "Opposition"), and to request a pre-motion conference on this motion.

    HVB filed its Motion to Dismiss Plaintiffs' Complaint on June 17, 2011. Plaintiffs filed the Opposition on July 14, 2011. Plaintiffs submitted the Declaration of Arthur L. Cahoon (the "Cahoon Declaration") in support of the Opposition. The Cahoon Declaration is a ten-page document containing 34 paragraphs of facts that the declarant Arthur Cahoon ("Cahoon") contends are relevant to plaintiffs' claims and to the underlying transaction at issue. The facts in this affidavit, however, are new facts that were not asserted in the Complaint; in fact, some even contradict assertions made in the Complaint.

    In adjudicating a motion to dismiss, a court's review is generally "limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007); *accord Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). Consequently, plaintiffs' attempt to submit new facts and theories of the case through the submission of the Cahoon Declaration should be disregarded, and the Cahoon Declaration should be stricken. Indeed, courts within this district have held that "it is well-settled . . . that 'a complaint cannot be amended merely by raising new facts and theories in plaintiffs' opposition papers' . . . and a court must 'disregard any portions of [a] declaration which set forth new facts, beyond the scope of the complaint, or legal arguments, both of which are not appropriate

[RECEIVED JUL 26 2011 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.]

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

The Honorable Richard M. Berman
July 25, 2011
Page 2

for consideration on a motion to dismiss." *Volunteer Fire Ass'n of Tappan, Inc. v. County of Rockland, et al.*, 2010 U.S. Dist. LEXIS 125394 at *14-15 (S.D.N.Y. November 24, 2010); *see also Southwick Clothing LLC v. GFT (USA) Corp.*, 2004 U.S. Dist. LEXIS 25336 (S.D.N.Y. Dec. 13, 2004) ("A complaint cannot be amended merely by raising new facts and theories in plaintiffs' opposition papers, and hence such new allegations and claims should not be considered in resolving the motion.")

    We thank the Court for its attention to this matter.

Respectfully submitted,

Mark P. Ressler /JED

Mark P. Ressler

cc: Brian G. Isaacson, Esq. (*by e-mail*)
Mark W. Wilson (*by e-mail*)
Edmundo O. Ramirez, Esq. (*by e-mail*)

---

Defendants are directed to include any arguments in their reply. The standard page limits for a reply applies.

SO ORDERED:
Date: 7/26/11

Richard M. Berman, U.S.D.J.